IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY CRAIG MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-2196-CM |
| | ) | |
| CON-WAY FREIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

The plaintiff, Anthony Craig Mann, brings this suit against his former employer Con-Way Freight ("Con-Way"), alleging racial discrimination and retaliation claims under Title VII.[1] Defendant filed a motion for protective order under Fed. R. Civ. P. 26(c) to "protect the privacy interests of the parties as well as to protect the parties from annoyance and embarrassment," (ECF doc. 22). Plaintiff opposes defendant's motion and proposed protective order. For the reasons discussed below, defendant's motion is granted.

Plaintiff worked as a Driver Sales Representative for Con-Way.[2] He alleges that during his employment, defendant discriminated against him because of his race and retaliated against him for speaking out against management's wrong-doing.[3] Due to the nature of plaintiff's allegations, defendant anticipates that confidential personnel,

---

[1] 42 U.S.C. § 2000(e).
[2] ECF doc. 1.
[3] ECF doc. 1.

disciplinary, and compensation-related information about plaintiff and Con-Way's current and former employees may be produced during the course of discovery.[4] In addition, defendant expects that Con-Way's confidential trade-secret information relating to Con-Way's assets, financial data, and internal policies and procedures may be disclosed.[5] Therefore, defendant seeks the entry of a protective order to provide a heightened level of protection for disclosed confidential information.

Under Fed. R. Civ. P. 26(c), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[6] "The party seeking a protective order has the burden to demonstrate good cause."[7] "In determining whether there is good cause … the initial inquiry is whether the moving party has shown that disclosure of the information will result in a clearly defined and very serious injury."[8] To establish good cause, "[t]he moving party must make a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[9] However, "hard and fast rules in this area are inappropriate. Frequently the injury that would flow from disclosure is patent, either from consideration of the documents alone or against the court's understanding of background facts. The

---

[4] ECF doc. 22-3.

[5] *Id.*

[6] Fed. R. Civ. P. 26(c).

[7] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 214 (D. Kan. 2002) (quoting *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

[8] *Zapata v. IBP, Inc.*, 160 F.R.D. 625, 627 (D. Kan. 1995) (quoting *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 480 (S.D.NY. 1982)).

[9] *Jackson v. Coach, Inc.*, 2007 WL 2407241, No. 07-2128-JTM-DWB, at 2 (D. Kan. Aug. 21, 2007) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

Court's common sense is a helpful guide."[10] "The decision to enter a protective order is within the court's discretion."[11]

Defendant asserts that public disclosure of confidential personnel, disciplinary, and compensation-related information about plaintiff and non-parties will injure the plaintiff's and non-parties' privacy interests. Defendant further asserts that public disclosure of Con-Way's confidential trade-secret information relating to assets, financial data, and internal policies and procedures will injure the defendant's interests. To avoid such injuries, defendant seeks a protective order that would limit disclosure of the above confidential information. Defendant has submitted a proposed protective order with its motion.

Defendant's proposed protective order follows the form protective order on the District of Kansas's public website. Defendant's protective order does not seek to limit nor prohibit the scope of discovery, discoverable material, or discovery requests. Defendant asserts that its proposed protective order prohibits unrestricted public disclosure of such confidential information while allowing the parties access to such information and minimizing any harmful, annoying, or embarrassing effects on the parties and non-parties. Defendant maintains that avoiding any harmful, annoying, or embarrassing effects on the parties and non-parties is good cause to support the entry of its proposed protective order.

---

[10] *Flint Hills Scientific, LLC v. Davidchack*, 2001 WL 1718291, No. 00-2334-KHV, at 2 (D. Kan. Dec. 3, 2001) (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F.Supp. 866, 891 (E.D.Pa. 1981)).

[11] *Reed v. Bennett*, 193 F.R.D. 689, *691 (D. Kan. 2000) (quoting *Thomas v. International Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)).

In response, plaintiff asserts that the court should deny defendant's proposed protective order because defendant failed to establish good cause. Plaintiff asserts that "like in *Zapata* [*v. IBP, Inc.*], defendant fails to establish any specific demonstration of fact or serious injury that would move this Court to grant its [proposed protective order]."[12] Plaintiff also asserts that "like in *Reed* [*v. Bennett*]," defendant fails to "identify the specific documents or types of documents to be protected by the Proposed Protective Order."[13] Because the cases plaintiff relies on are factually distinguishable from the case before the court, the court disagrees with plaintiff. [14]

In *Zapata v. IBP, Inc.*, the court denied an *additional* protective order because the party seeking the order failed to establish that an injury would result without additional protection.[15] Particularly persuasive to the court was the fact that no injury occurred after protected information was accidently disclosed in violation of the initial protective order.[16] Unlike *Zapata*, the court finds that the defendant in this case has established good cause to support its proposed protective order.

Defendant seeks to limit disclosure of confidential personnel, disciplinary, and compensation-related information about plaintiff and non-parties. Here, the injury that

---

[12] ECF doc. 30 at 4.

[13] *Id.*

[14] The court addresses plaintiff's arguments relating to *Zapata v. IBP, Inc.* and *Reed v. Bennett*. Other cases cited by plaintiff are immaterial and unrelated to the issues presented. *See* ECF doc. 30 at 3–4; *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) (upheld protective order on First Amendment grounds); *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340 (1979) (discussing *absolute privilege* for trade secrets and similar confidential information).

[15] 160 F.R.D. 625, 626–28 (D. Kan. 1995).

[16] *Id.* at 628.

could flow from public disclosure of such confidential information is patent – the plaintiff and non-parties' privacy interests could be invaded. Defendant has specifically identified this resulting injury and the nature of the documents alone demonstrates that public disclosure of this information could result in a serious injury to the plaintiff and non-parties.

Defendant also seeks to limit disclosure of confidential trade secret information relating to Con-Way's assets, financial data, and internal policies and procedures. Once again, the injury that could flow from public disclosure of such confidential information is patent – the defendant's business interests could be adversely affected. Defendant has specifically identified this resulting injury and the nature of the documents alone demonstrates that public disclosure of this information could result in a serious injury to the defendant.

Furthermore, the court notes that protective orders are commonly granted. Courts typically enter protective orders that protect the type of confidential information defendant seeks to protect.[17] Additionally, the supporting good cause offered by the parties are often generalized injuries that are patent from the nature of the documents.[18]

---

[17] *See, e.g., Pamela Booty v. The Big Biscuit Co., LLC*, No. 2:16-cv-02004-JWL-TJJ (ECF Doc. 10) (April 1, 2016); *Chris Kinney v. IBT Inc., et al.*, No. 2:16-cv-02064-CM-JPO (ECF Doc. 18) (May 6, 2016); *Mertez Akins v. Ford Motor Co.*, No. 2:16-cv-02090-JAR-TJJ (ECF Doc. 18) (June 10, 2016); *James Pitts v. Farmers Mutual Hail Ins. Co. of Iowa*, No. 5:16-cv-04010-DDC-KGS (ECF Doc. 10) (May 19, 2016); *Kelli L. Larkins v. City of Olathe*, No. 2:16-cv-02095-JAR-JPO (ECF Doc. 12) (April 18, 2016); *William M. Vannattan v. Vendtech-SGI, LLC*, No. 2:16-cv-02147-JWL-TJJ (ECF Doc. 25) (August 1, 2016); *Byron A. Redmond v. The Mirror, Inc.*, No. 5:16-cv-04021-DDC-KGS (ECF Doc. 9) (June 17, 2016); *Leanthony Taylor, Sr. v. Ricoh Americas Corp.*, No. 2:16-cv-02159-CM-TJJ (ECF Doc. 20) (June 16, 2016); *John Graves v. American Exteriors, LLC*, No.

In the second case cited by plaintiff, *Reed v. Bennett*, the party seeking the proposed protective order sought to protect three specific categories of documents and any other document the party "reasonably contend[ed] contain[ed] proprietary and confidential information."[19] The court denied the order because the "any other document" category "fail[ed] to identify specific documents or types of documents to be protected within the order."[20] However, the court did recognize that the proposed order's specific categories of documents "could be protectable from broad dissemination," and encouraged the parties to submit a new order that narrowly defined the categories of documents to be protected.[21]

Unlike *Reed*, defendant has narrowly defined the specific documents to be protected by the proposed protective order. The proposed order narrowly defines the categories of confidential information to be protected as: (1) personnel file documents; (2) disciplinary documents; (3) compensation-related documents; (4) internal policies and procedures of defendant not made generally known to the public that constitute confidential business information; and (5) internal documents pertaining to defendant's assets and financial data.[22] Unlike *Reed*, the defendant did not include a catch-all

---

2:16-cv-02204-JWL-TJJ (ECF Doc. 9) (July 19, 2016); *Emily Gallett v. Team Realtors, Inc.*, No. 6:16-cv-01132-JTM-GEB (ECF Doc. 17) (August 17, 2016); *Maria Franco v. Cargill Meat Solutions Corp.*, No. 6:16-cv-01139-EFM-GEB (ECF Doc. 15) (August 15, 2016).

[18] *Id.*

[19] 196 F.R.D. 689, 691 (D. Kan. 2000).

[20] *Id.*

[21] *Id.*

[22] ECF doc. 22-3 at 2.

category of protected documents. Defendant's proposed protective order is limited to only those documents that meet the order's definition of confidential information.

Next, plaintiff asserts that defendant's proposed protective order is prejudicial to plaintiff because it is overly broad.[23] Plaintiff asserts that the proposed order would automatically designate deposition transcripts as confidential and would allow the producing party to designate any document or piece of information as confidential.[24] The court disagrees. As noted above, defendant's proposed protective order specifically limits protection to five specific categories of documents and information.[25] The producing party may only designate information as confidential in good faith.[26] Additionally, the proposed protective order allows the parties to challenge the designation of any material or document as confidential.[27]

Plaintiff also asserts that defendant's proposed protective order is an "umbrella protective order" and that such orders are generally disfavored because they are impermissibly broad.[28] Although it is correct that umbrella protective orders are generally disfavored,[29] the court disagrees that defendant's proposed protective order is an umbrella protective order.

---

[23] ECF doc. 30.
[24] *Id.* at 4.
[25] *See* ECF doc. 22-3 at 2.
[26] *Id.* at 2.
[27] *Id.* at 5.
[28] ECF doc. 30.
[29] *United Phosphorous Ltd. V. Fox*, 2003 WL 21241847, No. 03-2024-JWL, *2 (D. Kan. 2003).

"There are at least three kinds of protective orders that courts utilize to limit discovery or dissemination of confidential or private information: (1) particular protective orders; (2) blanket protective orders; and (3) umbrella protective orders."[30] Particular protective orders require court review of documents before the documents are granted protection.[31]  Blanket protective orders require the party producing discovery materials to review the information and "designate the information it believes, in good faith, is confidential or otherwise entitled to protection."[32] Umbrella protective orders preemptively designate *all* discovery as protected without any review by the court or the parties.[33]

Defendant's proposed protective order is not an umbrella protective order because it does not preemptively protect all discovery without review.[34] Instead, defendant's proposed protective order is a blanket protective order because it requires the producing party to review the materials and designate that those documents that meet the definition of confidential information are entitled to protection.[35]

Finally, plaintiff asserts that defendant's proposed protective order should be denied because it was not filed on or before July 8, 2016, as required by this court's scheduling order.[36] However, "[a] schedule may be modified…for good cause and with

---

[30] *Id.* at *1 (D. Kan. 2003) (quoting *Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382, 385 (D. Colo. 2000)).
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *See* ECF doc. 22-3.
[35] *Id.* at 3.
[36] ECF doc. 10; ECF doc. 30.

8

the judge's consent."[37] The court finds there is good cause to modify the scheduling order. First, this case is in its early stages. No discovery has occurred, and plaintiff has filed a motion for leave to amend the complaint and add potential new plaintiffs.[38] Second, counsel for plaintiff entered the case three days before the protective order was due pursuant to the scheduling order.[39] After receiving defendant's proposed protective order, plaintiff's counsel requested additional time to review the order and did not respond to defendant with comments until July 11, 2016. Had plaintiff's counsel responded in a timely manner to defendant's proposed protective order, defendant could have submitted the order to the court pursuant to the scheduling order. Accordingly, the court finds that there is good cause to modify the scheduO:\ORDERS\16-2196-CM-22.docxling order.

The court finds that defendant has shown good cause for entry of its proposed protective order, that the protective order is not impermissibly broad, and that there is good cause to modify the scheduling order. For the foregoing reasons, defendant's motion for a protective order (ECF doc. 22) is granted. The court will enter defendant's protective order as a separate document.

The court wishes to make clear that defendant's protective order only seeks to facilitate discovery by labeling certain documents as confidential. Defendant's protective order does not allow the parties to file documents under seal. Should either party attempt

---

[37] Fed. Rule 16(b)(4).
[38] *See* ECF doc. 26.
[39] ECF doc. 22 at 1.

to file a document under seal, the court will engage in a separate analysis independent of the protective order.

IT IS SO ORDERED.

Dated October 24, 2016, at Kansas City, Kansas.


 James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge