IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY CRAIG MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-2196-CM |
| | ) | |
| CON-WAY FREIGHT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

In this employment-discrimination suit, Anthony Craig Mann alleges his former employer, Con-Way Freight, Inc.,[1] discriminated, harassed, and retaliated against him because he is African-American.  Mann brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and under 42 U.S.C. § 1981.  Mann filed his complaint *pro se*, but counsel entered an appearance for Mann on July 8, 2016.  Mann then filed, via his newly retained counsel, a motion for leave to amend his complaint (ECF doc. 26) and a related motion to join additional parties (ECF doc. 27).  For the reasons discussed below, both motions are granted.

---

[1] The only defendant named in Mann's complaint is Con-Way Freight, Inc.  ECF doc. 1.  Mann's proposed amended complaint lists the defendant as "XPO Logistics Freight, Inc., f/k/a/ Con-Way Transportation Services, Inc. f/k/a Con-Way Freight, Inc."  ECF doc. 26-1. Con-Way does not address this name change in its response to the motion, ECF doc. 31, and the court therefore views it as unopposed.  Upon the filing of the amended complaint, the clerk is directed to modify the docket to reflect the defendant's new name.

Mann was employed by Con-Way for almost six years as a driver sales representative ("DSR"), until he was terminated in June 2015. He alleges that during his time at Con-Way, Caucasian employees were given preferential treatment and assignments, and opportunities to advance that were not given minority DSRs. He further alleges that DSR supervisors called minority DSRs derogatory names. Mann states that the supervisors engaged in a pattern and practice of racial discrimination. He states that Con-Way fostered a hostile work environment. Finally, Mann states that he was terminated for making numerous internal complaints about Con-Way's racial discrimination and unfair employment practices.

In his motions, Mann seeks to add two other former Con-Way employees as plaintiffs. Dana Moye is an African-American male, over the age of fifty, who was employed at Con-Way as a DSR for nearly nineteen years until he was terminated in April 2016. The proposed amended complaint alleges that Moye was subjected to years of racial harassment by other DSRs and that Con-Way took no action when Moye complained. Like Mann, Moye alleges Caucasian DSR's were given preferential treatment, assignments, and opportunities to advance, and that Con-Way's representatives engaged in a pattern and practice of intentional racial discrimination and harassment. But unlike Mann, Moye alleges he also was harassed and not given job opportunities because of his age. Moye contends Con-Way terminated him in retaliation for his complaints of racial and age-based discrimination and harassment. The proposed amended complaint would add claims by Moye against Con-Way for racial discrimination, harassment, and retaliation; and also for age-based discrimination and

retaliation.

The second proposed new plaintiff is Katina McGee, an African-American female, who was a DSR at Con-Way for two-and-a-half years until she was terminated in April 2016. She alleges racial discrimination, harassment, and retaliation, as well as a pattern and practice of such by Con-Way, all along the same lines as alleged by Mann and Moye.  In addition, she alleges that she was harassed and treated unfairly because of her sex.  McGee states that Con-Way fostered a hostile and abusive work environment.  McGee contends Con-Way terminated her in retaliation for her complaints of racial and sexual discrimination and harassment.  The proposed amended complaint would add claims by McGee against Con-Way for racial discrimination, harassment, and retaliation; and also for sexual discrimination and harassment.

Con-Way does not oppose the filing of an amended complaint to the extent that it contains a more detailed assertion of Mann's claims of racial discrimination, harassment, and retaliation.  However, Con-Way opposes the joinder of Moye and McGee in this action, and the additions to the proposed amended complaint that are related to the allegations of Moye and McGee.

Fed. R. Civ. P. 15 governs requests to amend pleadings.  Under Rule 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15(a)(2) directs the court to "freely give leave when justice so requires."  Although the granting of a motion to amend is within the

court's discretion, the United States Supreme Court has indicated that Rule 15's directive to freely give leave is a "mandate . . . to be headed."[2]

Because Mann's proposed amended complaint would add additional party plaintiffs, Fed. R. Civ. P. 20(a)(1) also comes into play.  Rule 20(a)(1) states:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

"The purpose of Rule 20(a) is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'"[3]  The Supreme Court has recognized that, under the Rules of Civil Procedure, "joinder of claims, parties and remedies is strongly encouraged."[4]

Con-Way argues that joinder of Moye and McGee is inappropriate under Rule 20(a)(1).  Specifically, Con-Way contends that Mann, Moye, and McGee's claims do not arise out of the same transaction or occurrence, or involve common questions of fact or law, because they involve different specific instances of workplace grievances and often different supervisors.  Con-Way further asserts that Moye's age-based claims and McGee's sex-based

---

[2]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3]*Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652, at 395 (3d ed. 2001)).

[4]*United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Rules 2, 18–20, & 42).

claims present unique questions of law and fact.

The court finds Con-Way is attributing too high of a hurdle to the satisfaction of Rule 20(a)(1).  Although Con-Way is correct that not every alleged instance of discrimination or harassment was shared by the three proposed plaintiffs, nor done at the hands of the same supervisors, Rule 20(a)(1) can be met without such a showing.[5]  First, a "series of transactions or occurrences" depends "not so much upon the immediateness of their connection as upon their logical relationship."[6]  Further, "the majority of courts have held that allegations of a pattern and practice of discrimination satisfy both required elements of Rule 20."[7]  Courts in the District of Kansas follow this majority rule.[8]

Mann, Moye, and McGee all worked in the same position as DSR's for Con-Way.  They all worked at Con-Way's Kansas City, Kansas location.  Their job tenures overlapped.  They worked under the same management staff, and each alleges discrimination occurred under Maureen Mahr, Mike Lewis, and Brian Bonifas, among others.  Significantly, each has alleged that Con-Way engaged in a pattern and practice of intentional racial discrimination and harassment.  Although some of the ways they allegedly suffered from this discrimination

---

[5]*See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) ("Absolute identity of all events is unnecessary.").

[6]*Wagoner v. Pfizer, Inc.*, No. 07-1229-JTM, 2008 WL 2937249, at *1 (D. Kan. July 24, 2008) (quoting *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1162 (10th Cir. 1990)).

[7]*Id.* at *2 (citing cases); *see also Biglow*, 201 F.R.D. at 520–21 (citing cases).

[8]*See Wagoner*, 2008 WL 2937249, at *2; *Biglow*, 201 F.R.D. at 520–21.

differ, each alleges that he or she was denied an opportunity for promotion, was subject to discriminatory punishment practices, had wages wrongfully withheld, and was terminated, at least in part, in retaliation for complaining about the discrimination.  Even if plaintiffs intend to prove discrimination on an individual basis, evidence of a pattern or practice of discrimination "may be circumstantial proof of discrimination or evidence of discriminatory animus."[9]

Con-Way's arguments also fail with respect to Moye's age-based claims and McGee's sex-based claims.  "Multiple plaintiffs are free to join their claims in a single suit when '*any* question of law or fact common to all plaintiffs will arise in the action."[10]  "Not *all* questions of law or fact need be common; rather, only *some* questions must be common."[11]  Moreover, the "common question need not predominate; that's a requirement for class actions, not for permissive joinder."[12]  Here, whether Con-Way engaged in a pattern and practice of racial discrimination is a question common to the claims of all the proposed

---

[9]*Wagoner*, 2008 WL 2937249, at *3 (holding that "while the plaintiffs worked in different places and were fired at different times, the allegation that [defendant] pursued a discriminatory policy satisfies Rule 20's two-part standard").

[10]*Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) (emphasis in original) (quoting Fed. R. Civ. P. 20(a)(1)(B)).

[11]*Wagoner*, 2008 WL 2937249, at *2 (emphasis in original).  *See also Alexander v. Fulton Cty.,* 207 F.3d 1303, 1324 (11th Cir. 2000) (overruled on other grounds) ("The second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* questions of law or fact be common to all parties.").

[12]*Lee*, 635 F.3d at 971.

plaintiffs, and satisfies Rule 20(a)(1)(B).[13]  Con-Way has made no argument that a jury would have difficulty sorting out the allegations of the three proposed plaintiffs or that there would be confusion over their claims.

Finally, Con-Way opposes the addition of claims by Moye and McGee on the grounds that Con-Way would be prejudiced as a result.  Specifically, Con-Way states that discovery would "nearly triple" and would be difficult to complete by the current February 28, 2017 deadline.  Con-Way also asserts it would have to file separate summary-judgment motions (or seek an extension of the summary-judgment briefing page limits) and possibly a motion for severance of claims for trial.  "Undue prejudice to the opposing party" is a basis upon which a district court may refuse leave to amend a complaint.[14]

The court finds that any prejudice Con-Way will suffer is not "undue."  If the court were to deny joinder, Con-Way likely would be forced to defend three separate lawsuits by Mann, Moye, and McGee.  The burden on Con-Way, not to mention the court and witnesses, would be greater under that scenario.  "Single trials generally tend to lesson the delay,

---

[13]*See Potts v. B&R, LLC*, No. 8:13-cv-2896-T-27TGW, 2014 WL 1612364, at *4 (M.D. Fla. April 21, 2014) (finding "at least some question of law and fact common to both plaintiffs," where both brought a claim for sexually hostile work environment and retaliation, and one brought an additional claim for racially hostile work environment); *Patterson v. The County of Cook*, No. 01-C-9557, 2003 WL 21780959, at *2 (N.D. Ill. July 31, 2003) ("[M]erely because some Plaintiffs allege discrimination based on gender or disability in addition to or even instead of discrimination based on race is insufficient to require severance.").

[14]*Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

expense and inconvenience to all concerned."[15]   Moreover, Con-Way's concerns about the time needed to conduct the additional discovery that will accompany the new claims should be alleviated by the revised case-management schedule set in the amended scheduling order filed concurrently with this order.

The court concludes that joinder of Moye and McGee as plaintiffs in this action promotes efficiency and satisfies Rule 20(a)(1).   The court finds that discretion weighs in favor of granting Mann leave to amend his complaint as proposed.   Mann is directed to file the amended complaint forthwith.[16]

IT IS SO ORDERED.

Dated November 2, 2016, at Kansas City, Kansas.

 s/ James P. O'Hara_____
James P. O'Hara
U.S. Magistrate Judge

---

[15]*Mosley,* 497 F.2d at 1332.

[16]The court notes that Mann's proposed amended complaint, ECF doc. 26-1, had a few blank spaces on pages 48–49.  Plaintiffs should correct this error before filing the amended complaint.