**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANTHONY MANN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 16-2196-CM |
| vs. ) | |
| ) | |
| XPO LOGISTICS FREIGHT, INC. ) | |
| f/k/a/ CON-WAY TRANSPORTATION ) | |
| SERVICES, INC. ) | |
| f/k/a CON-WAY FREIGHT, INC. ) | |
| ) | |
| Defendant. ) | |

## MOTION TO AMEND DEADLINES ON SCHEDULING ORDER

COME NOW, Plaintiffs Anthony Mann, Katina McGee, and Dana Moye, and respectfully requests this Court to grant their motion to extend the discovery deadlines for plaintiffs by ninety (90) days and in support of this Motion, plaintiffs state as follows:

1. On February 4, 2017, plaintiffs served their first round of discovery to Defendant XPO Logistics, Inc.

2. On March 24, 2017, Defendant XPO Logistics Inc. served its responses to plaintiffs' initial discovery.

3. From April 17, 2017 to May 26, 2017, plaintiffs' Counsel conferred with defendant's Counsel on multiple occasions to produce withheld discovery.

4. On May 26, 2017, plaintiffs' Counsel filed their motion to compel discovery against defendant.

5. On July 19, 2017, this Court granted plaintiffs' motion to compel discovery against defendant.

6. On August 11, 2017, defendant purportedly served supplemental discovery to plaintiffs.

7. However, defendant mailed the discovery to plaintiffs' Counsel Cecilia Brown's prior office, even though Cecilia Brown moved away from this office on November 2016 and already updated her proper address with this Court.

8. On September 7, 2017, plaintiffs' Counsel was served discovery responses from defendant.

9. Defendant produced over 12,000 never before seen documentation with regards to the claims raised in this case.

10. On September 25, 2017, plaintiffs' Counsel was still in the process of reviewing the produced discovery and came across a solitary document about the noose incident in 2001 within Jeff Vukavich's employee file.

11. The next day, plaintiffs' Counsel contacted defendant's Counsel about the noose memo and requested more information that seemed to be removed from Jeff Vukavich's employee file.

12. It wasn't until October 12, 2017, a mere day prior to the deadline to file a motion to compel discovery and eleven days before discovery deadline that defendant's Counsel emailed plaintiffs' Counsel with a document containing another noose incident in 2008 with pictures and communications.

13. On October 13, 2017, plaintiffs' Counsel conferred with defendant's Counsel about this motion. Defendant's Counsel indicated that they had to confer with their Client before providing a response.

**SUGGESTIONS IN SUPPORT**

Page 2

Plaintiffs have good cause to warrant an extension of plaintiffs' discovery deadlines. Fed. R. Civ. P. 16(b) states, "A schedule shall not be modified except by leave of the judge or a magistrate when authorized by the district court rule upon a showing of good cause." "The 'good cause' requirement of Rule 16(b) contemplates an affirmative showing on the part of the moving party, demonstrating that the moving party would have been unable to meet a schedule deadline despite due diligence." *Shell v. City of Kansas City, et al.,* 1992 WL 696526 (D. Kan. April 1, 1992); *citing Amcast Industrial Corp. V. Dtrex Corp.,* 132 F.R.D. 213, 218 (N.D.Ind. 1990).

In this Case, on September 7, 2017, plaintiffs received 12,000 documents of withheld discovery. This discovery was supposed to be produced on March 24, 2017. Within these documents, a plethora of unknown material witnesses and information were discovered. Additionally, it wasn't until September 25, 2017 that plaintiffs' Counsel discovered the solitary memo about nooses within the 12,000 documents. Moreover, defendants' Counsel waited until October 12, 2017 to produce additional documentation about another 2008 noose incident. As a matter of due diligence, defendant's Counsel should have produced these documents with their initial disclosures. Unlike in *Shell*, plaintiffs' Counsel did everything in their power to comply with the Scheduling Order. Plaintiffs' Counsel used their best efforts to review the 12,000 pages within one month's time. Despite this due diligence, plaintiffs' Counsel is unable to meet the October 23, 2017 scheduling deadline for the following reasons. First, plaintiffs' Counsel had to expend more than a month to review 12,000 pages of newly produced discovery. Second, at the end of the review, plaintiffs' Counsel found evidence of more withheld unproduced discovery that is material to this case. Third, yesterday plaintiffs' Counsel discovered more material

Page 3

witnesses and documentation that should have been disclosed seven months ago. Fourth, plaintiffs' Counsel is unable to organize and depose these witnesses before the deadline expires in ten days. Fifth, new discovery must be requested based on the information that was produced in the withheld discovery. As a result, plaintiffs have shown good cause to extend plaintiffs' discovery deadlines by ninety (90) days. Plaintiffs' Counsel has prepared a proposed discovery order and submits the proposed discovery order as Exhibit 1.

WHEREFORE, plaintiffs respectfully requests that this Court grant their motion to extend plaintiffs' discovery deadlines by ninety (90) days to January 22, 2018 in order to complete discovery.

Respectfully Submitted,

**THE LAKE FIRM, L.L.C.**

**/S/ Stacy Lake**
Stacy Lake KS Bar No. 27020
817 E. 31st Street
Kansas City, MO 64109
(816) 600-8000
(816) 600-8918 FAX
StacyLake808@gmail.com
**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October 2017, a copy of the above and foregoing MOTION TO AMEND DEADLINES ON SCHEDULING ORDER was served via the Court's electronic filing system on the following:

**CONSTANGY, BROOKS, SMITH &
 PROPHETE, LLP**

Spring E. Taylor
Jack R. Wallace,
2600 Grand Blvd., Suite 750
Kansas City, Missouri 64108

Page 4

Telephone: (816) 472-6400
Facsimile: (816) 472-6401
jwallace@constangy.com
staylor@constangy.com
ATTORNEYS FOR DEFENDANT

By: /s/ Stacy A. Lake