IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY MANN, DANA MOYE, )
and KATINA MCGEE, )
)
          Plaintiffs, )
)
v. ) Case No. 16-2196-CM
)
XPO LOGISTICS FREIGHT, INC., )
f/k/a CON-WAY TRANSPORTATION )
SERVICES, INC., )
f/k/a CON-WAY FREIGHT INC., )
)
          Defendant. )

# **ORDER**

      Plaintiffs are truck drivers who bring this employment-discrimination suit against their former employer, defendant XPO Logistics Freight, Inc., alleging they were subject to discrimination, harassment, and retaliation because of their race, age, and/or sex. They have filed a motion for the entry of sanctions against defendant based on alleged discovery abuses (ECF No. 153) and a related, but separate, motion to modify the scheduling order to extend the discovery deadline by ninety days (ECF No. 154). As discussed below, the motion for sanctions is denied, but the motion to extend discovery is granted and new case deadlines are set.

## Motion for Sanctions

Plaintiffs seek sanctions on three grounds: (1) under Fed. R. Civ. P. 37(b)(2)(A) for defendant's alleged failure to comply with a discovery order, (2) under Fed. R. Civ. P. 37(c)(1) for defendant's alleged failure to disclose documents as required by Fed. R. Civ. P. 26(a) and (e), and (3) under Fed. R. Civ. P. 37(c)(2) for defendant's alleged failure to admit to a request for admission plaintiffs served under Fed. R. Civ. P. 36. The court will address each of these arguments in turn.

### I. Defendant's Alleged Failure to Comply with a Discovery Order

On July 19, 2017, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered an order granting, in part, a motion brought by plaintiffs to compel discovery.[1] Defendant thereafter served supplemental discovery answers on or around August 15, 2017. Plaintiffs' instant motion alleges defendant's supplemental answers failed to comply with four aspects of the court's order, and seeks the entry of sanctions under Rule 37(b)(2)(A).

Rule 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery," the court may direct the entry of sanctions. The rule lists seven examples of sanctions that "may" be imposed. Although the imposition of sanctions is within the court's discretion, any sanction ordered "must be 'just' and related to the claim 'at issue in the order to provide discovery.'"[2] In other words, when considering the totality of the circumstances

---

[1] ECF No. 137.

[2] *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).

involved in the case, the sanction must be proportional to the specific abuse of the legal process.[3]

First, plaintiffs assert defendant failed to comply with the court's order that defendant respond to plaintiff Mann's Interrogatory No. 16(a), which sought the name, address, and telephone number of each person responsible for developing defendant's procedures and policies about avoiding racial discrimination in the workplace.[4] Plaintiffs state defendant supplemented its answer by listing Scott Engers as the developer, but failed to provide Engers's address and telephone number. Defendant concedes it did not provide Engers's contact information, but defends its inaction by explaining Engers retired from Con-Way Freight (defendant's corporate predecessor) in 2009, so defendant cannot represent that the contact information defendant lists for Engers is current. Defendant informed plaintiffs as much during meet-and-confer conversations preceding the filing of plaintiffs' motion for sanctions, but offered to "try to search for information for Engers."[5] Nonetheless, plaintiffs included this issue in their motion. In the October 20, 2017 declaration of Paul Frayer offered in support of defendant's response to the motion, Frayer provides the address for Engers as it is maintained in defendant's records.[6]

---

[3]*Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996).

[4]ECF No. 137 at 15.

[5]ECF No. 157-3 at 2.

[6]ECF No. 157-4 at ¶7.

Considering the circumstances, the court will not sanction defendant for not providing the contact information it possessed for Engers prior to the filing of plaintiffs' motion. Although defendant should have provided the information in its records (with the caveat that the information may not be current) to plaintiffs in its first response to the court's order, the record reflects the parties were still actively discussing this issue on the date plaintiffs filed their motion for sanctions. Defendant has since provided the contact information in its possession, and there is nothing more to be done.

Second, plaintiffs complain defendant failed to fully answer Mann's Interrogatory No. 16(b), which sought "[e]ach date on which a procedure [about avoiding racial discrimination] was published and initiated or a program was presented, beginning January 1, 2010."[7] The court has reviewed the record, however, and neither plaintiffs' motion to compel[8] nor the court's order partially granting the motion to compel[9] addressed subsection (b) of Mann's Interrogatory No. 16. Accordingly, defendant's supplemental answer to Mann's Interrogatory No. 16(b) did not violate the court's order and sanctions may not be imposed under Rule 37(b)(2)(A).

Third, plaintiffs assert defendant failed to comply with the court's order that defendant respond to Mann's Interrogatory No. 17, which sought information about defendant's

---

[7]ECF No. 153-12 at 9.

[8]ECF No. 107 at 5

[9]ECF No. 137 at 15.

"procedures and programs . . . for providing mental health services for your employees,"[10] and Mann's companion Request No. 10, which sought copies of such procedures and programs. Defendant responds, and the record confirms, that defendant's supplemental answers discussed defendant's Employee Assistance Program (EAP), listed the bates numbers of the corresponding EAP documents, and listed Engers as their developer.[11] It appears from plaintiffs' reply brief that plaintiffs' concern is defendant's failure to provide contact information for Engers.[12] This concern is addressed above, and the court has declined to sanction defendant on this basis.

Finally, plaintiffs seek sanctions under Rule 37(b)(2)(A) based on defendant's alleged failure to comply with the court's order requiring it to respond to plaintiff Moye's Request No. 13, seeking the personnel file of former terminal manager Jeff Vogavich.[13] Defendant produced Vogavich's personnel file in August 2017.[14] The file contained an August 23, 2001 letter to Vogavich referencing reports of noose hangings at defendant's Kansas City terminal.

---

[10] ECF No. 107-2 at 16.

[11] ECF No. 157-6 at 3-4.

[12] *See* ECF No. 159 at 3.

[13] ECF No.137 at 22-23. The parties also spell this person's last name as "Vukovich."

[14] ECF No. 157-4 at ¶3.

Based on this letter, plaintiffs contend the personnel file had been "cleaned" before it was produced because it contained no other documentation about the 2001 noose incidents.[15]

The court is not convinced that defendant violated the court's order by failing to produce the entire contents of Vogavich's personnel file. Defendant has presented Frayer's sworn decalaration attesting to the fact that defendant produced the entire personnel file.[16] Frayer explains that after plaintiffs' counsel asked about additional documents concerning the 2001 noose incidents, defendant conducted additional searches (beyond Vogavich's file) for such documents and found none.[17] As part of this additional search, however, defendant did find documents reflecting an investigation of noose hangings in 2008,[18] but those documents were not the subject of the court's earlier discovery order. Defendant's recent production of the 2008 documents is addressed separately below. The court declines to impose sanctions under Rule 37(b)(2)(A).

**II.   Defendant's Alleged Failure to Disclose**

Plaintiffs next move for sanctions under Rule 37(c)(1) for defendant's failure to supplement its discovery responses as required by Rule 26(e). Rule 37(c)(1) states that if a party fails to provide information "as required by Rule 26(a) or (e), the party is not allowed

---

[15]ECF No. 153 at 6.

[16]ECF No. 157-4 at ¶3.

[17]*Id.* at ¶¶4-5.

[18]*Id.* at ¶5.

to use that information . . . unless the failure was substantially justified or is harmless."[19] The determination of whether the "violation is justified or harmless is entrusted to the broad discretion of the district court."[20] Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose,"[21] the court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure any prejudice; (3) the potential for trial disruption if the testimony is allowed; and (4) the erring party's bad faith or willfulness.[22]

On March 24, 2017, Moye served a request for admission on defendant, asking defendant to admit "[n]ooses were hung in defendant XPO Logistic's driver room, break room, cafeteria, and men's bathroom."[23] Defendant responded, "denied."[24] As noted above,

---

[19] In addition to disallowing use of the undisclosed information, Rule 37(c)(1) gives the court discretion to impose additional sanctions.

[20] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)); *see also Chambers v. Fike*, No. 13-1410, 2014 WL 3565481, at *4 (D. Kan. July 18, 2014).

[21] *Woodworker's Supply*, 170 F.3d at 993.

[22] *Id.*; *Gutierrez v. Hackett*, 131 F. App'x 621, 625-26 (10th Cir. 2005) (applying the *Woodworker's Supply* factors); *Scottsdale Ins. Co. v. Deere & Co.*, 115 F. Supp. 3d 1298, 1305 (D. Kan. 2015); *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413, 2014 WL 3927277, at *4 (D. Kan. Aug. 12, 2014).

[23] ECF No. 153-3 at 3. In a footnote, plaintiffs cite other discovery requests to which the 2008 noose documents are responsive. ECF No. 153 at 4 n.6. On the face of these cited

defendant recently discovered documents (including e-mails, a report, and pictures) concerning nooses found in its Kansas City terminal in 2008.[25] Defendant produced these documents to plaintiffs on October 12, 2017.[26] Plaintiffs assert defendant "attempted to hide" these documents and only produced them after plaintiffs' counsel questioned whether documents were missing from Vogavich's personnel file. Plaintiffs argue defendant should be sanctioned for this delay in production.

Defendant responds that Moye's request for admission "states facts that are incorrect, and therefore was properly denied."[27] Defendant further states, "[p]laintiffs never propounded any interrogatories or document requests regarding nooses," and, in any event, defendant produced the documents to plaintiffs within a day of their discovery.[28] Defendant states it "produced these documents pursuant to Rule 26(a)(1)(A)(ii) as materials it may rely on to support its defenses in the event Plaintiffs are permitted to introduce evidence regarding

---

requests, the court disagrees—without additional argument or analysis, the court cannot find defendant had a duty to produce the documents in response to these cited discovery requests.

[24] ECF No. 153-3 at 3.

[25] Moye alleges he was employed by defendant from 1997 to 2016. ECF No. 41 at 24.

[26] ECF No. 153 at 4-5.

[27] ECF No. 157 at 8 n.8.

[28] *Id.* at 8.

allegations about nooses that are 9 and 16 years old."[29] According to defendant, plaintiffs are mischaracterizing its voluntary production of documents as discovery misconduct.

The court finds defendant's argument that it "properly denied" Moye's request for admission inconsistent with the purpose and spirit of discovery. Though defendant may be technically correct that the facts stated in the request were false (it is unclear which portion of the request defendant takes issue with),[30] the purpose of discovery is "to eliminate surprise and to narrow the issues."[31] Moreover, Fed. R. Civ. P. 36(a)(4) requires any denial to "fairly respond to the substance of the matter." The court agrees with plaintiffs that defendant had a duty "to make a reasonable inquiry to determine [its] ability to admit or deny,"[32] and in making the inquiry defendant should have discovered the documents concerning the 2008 noose incidents. Defendant then had a duty under Rule 36 to act in "good faith" and to give context to its denial.

Nevertheless, the court does not find defendant's actions warrant the imposition of sanctions under Rule 37(c)(1). Under the factors set forth in *Woodworker's Supply*, the court finds defendant's initial failure to disclose the documents substantially justified or harmless.

---

[29]*Id.*

[30]*But see infra* notes 35 and 36, and accompanying text.

[31]*Koch v. Koch Indus., Inc.*, No. 85-1636, 1992 WL 223816, at *16 (D. Kan. Aug. 24, 1992).

[32]*Harris v. Oil Reclaiming Co.,* 190 F.R.D. 674, 679 (D. Kan. 1999).

Any prejudice plaintiffs may have suffered by the late disclosure of the documents related to the 2008 noose incidents can be cured by the extension of the discovery deadline, which the court implements below. And though defendant may have failed in its duty to investigate when it received Moye's request for admission, there is no evidence this was the result of defendant's bad faith or willful blindness. Frayer's sworn declaration states defendant produced the documents within a day of discovering them.[33] Therefore, the court declines to award sanctions under Rule 37(c)(1).

### III. Defendant's Alleged Failure to Admit

The final basis on which plaintiffs seek sanctions is Rule 37(c)(2). Rule 37(c)(2) provides, "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." If the requesting party meets this burden of proof, the court "must" grant the motion unless there was "good reason for the failure to admit."[34]

Plaintiffs assert that by producing the documents referencing the 2008 noose incidents, defendant "concedes the truth" of Moye's request for admission that nooses were hung in defendant's "driver room, break room, cafeteria, and men's bathroom." The court

---

[33]ECF No. 157-4 at ¶5.

[34]Fed. R. Civ. P. 37(c)(2)(D).

has examined the 2008 documents[35] and has found no mention therein of the presence of nooses in these four specified rooms.[36] Thus, plaintiffs have not proved the truth of the matter set forth in the admission, and their request for sanctions under Rule 37(c)(2) must be denied.

## Motion to Modify the Scheduling Order to Extend Discovery

Plaintiffs' second motion asks the court to modify the scheduling order[37] and extend discovery by ninety days to alleviate prejudice to plaintiffs caused by defendant's recent document productions. Motions to modify a scheduling order are governed by Fed. R. Civ. P. 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." The party seeking to extend a scheduling-order deadline must establish good cause by proving that despite due diligence it cannot meet the deadline.[38] This normally requires the moving party to show good faith on its part and some reasonable basis for not

---

[35]ECF Nos. 153-4, 153-5, 153-6, 153-7, 153-8, 153-9, 153-10, and 153-11.

[36]Rather, it appears the documents reference nooses being found outside the main entry to the terminal, at the entrance to the employee parking area, and in a car.

[37]ECF No. 140.

[38]*Manuel v. Wichita Hotel Partners, LLC*, No. 09-1244, 2010 WL 3861278, at *1–2 (D. Kan. Sept. 20, 2010) (quoting *Grieg v. Botros,* No. 08-1181, 2010 WL 3270102, at *3 (D. Kan. Aug. 12, 2010)).

meeting the deadline. Whether to modify the scheduling order lies within the court's sound discretion.[39]

Plaintiffs have established good cause for extending the October 23, 2017 discovery deadline set in the third amended scheduling order. Plaintiffs state defendant produced more than 12,000 pages of documents in response to the court's order compelling discovery. In reviewing those documents, plaintiffs discovered additional material facts on which they would like to pursue discovery. Given the time required of plaintiffs' counsel to review the large amount of supplemental discovery, plaintiffs were unable to serve their additional discovery in time to be completed by the discovery deadline. In addition, plaintiffs' review of the supplemental document production led plaintiffs to discover the letter referencing the 2001 noose incident and to question defendant about the completeness of discovery, which in turn led defendant to conduct another search and find the documents referencing the 2008 noose incidents. Defendant produced the documents referencing the 2008 noose incidents on October 12, 2017. Given this late production, plaintiffs were unable to schedule and depose witnesses that were identified via the production prior to the discovery deadline. Plaintiffs have acted in good faith and have a reasonable basis for not meeting the current deadline.

---

[39]*Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

Thus, for good cause shown, plaintiffs' motion is granted and the scheduling order is amended as follows:

a. All discovery shall be commenced or served in time to be completed by **January 22, 2018.**

b. The final pretrial conference is rescheduled from November 9, 2017, to **February 7, 2018, at 10:30 a.m.**, in the U.S. Courthouse, Room 223, 500 State Avenue, Kansas City, Kansas. Unless otherwise notified, the undersigned will conduct the conference. No later than **January 30, 2018**, defendant shall submit the parties' proposed pretrial order.

c. The deadline for potentially dispositive motions is **February 20, 2018.**

d. After consulting with the presiding judge, the trial is re-set on a trial calendar that will begin on **November 5, 2018, at 9:00 a.m.**

All other provisions of the original and amended scheduling orders shall remain in effect.

IT IS THEREFORE ORDERED that plaintiffs' motion for the entry of sanctions is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to modify the scheduling order is granted and the scheduling order is amended as set forth herein.

Dated November 2, 2017, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge