UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY MANN, DANA MOYE, and KATINA MCGEE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-2196-CM |
| XPO LOGISTICS FREIGHT, INC., f/k/a Con-way Transportation Services, Inc., f/k/a Con-way Freight Inc., | ) ) ) ) | |
| Defendant. | ) ) | |

## SIXTH AMENDED SCHEDULING ORDER AND ORDER RULING DISCOVERY DISPUTES

Disputes have arisen in this employment-discrimination case related to the deposition of defendant's Fed. R. Civ. P. 30(b)(6) representative. Defendant has filed a motion for a protective order asking the court to preclude testimony on certain noticed topics, to direct plaintiffs' counsel to coordinate calendars with defense counsel in advance of future case scheduling, and to award defendant its attorney's fees incurred in bringing the motion (ECF No. 181). Plaintiffs have filed a counter-motion asking the court to compel the representative's attendance at a deposition, and to sanction defendant for failing to produce the representative at an earlier-noticed deposition (ECF No. 184). The undersigned U.S. Magistrate Judge, James P. O'Hara, held a hearing on the motions on February 20, 2018, at which the parties supplemented their written arguments. For the reasons stated on the record

at the hearing, the court grants defendant's motion for a protective order as to noticed Topic 1(f) and Topic 4, but denies the motion as to Topic 1(d)(3) and Topic 3, and in all other respects; and the court denies plaintiffs' motion to compel and for sanctions in all respects.

The court made the following specific rulings on the record:

1. The deposition of defendant's Rule 30(b)(6) representative shall go forward on March 9, 2018.[1]  The deposition topics shall be limited to those identified in the notice filed on January 10, 2018 (ECF No. 172), except as modified below.  This deposition, like all others in this case, may not exceed seven hours, unless otherwise agreed to by the parties, as determined in the court's original scheduling order (ECF No. 10).

2. Deposition Topic 1(d)(3) shall go forward unmodified.  Defendant's objection to this topic is overruled.

3. Deposition Topic 1(f) is both vague and overbroad.  It's vague because, among other things, the plaintiffs have different claims (race-based for all three plaintiffs, race and age-based for plaintiff Moye, and race and sex-based for plaintiff McGee), making it unclear which of defendant's employees would be classified as "similarly situated" to the plaintiffs. But the parties have stipulated the term "similarly situated" in Topic 1(f) should be deemed limited to the reasons other employees were suspended and/or terminated.   Topic 1(f) is overbroad because it has no geographic or temporal limits.  As discussed on the record, the parties have stipulated Topic 1(f) geographically should be limited to defendant's Kansas City, Kansas terminal.  Though plaintiffs proposed a much longer temporal scope, the court

---

[1]Plaintiffs' counsel was directed to file a revised deposition notice for this new date.

ruled Topic 1(f) must be further limited temporally to January 1, 2010, through the respective date of termination of each plaintiff.

4.    Deposition Topic 3, referencing certain personnel policies of defendant, shall stand.  Defendant's objection is overruled.

5.    Defendant's objection to Deposition Topic 4 is sustained.  Simply listing more than 1,200 pages of documents as a "topic" is overbroad on its face.  It is impractical for a party to be asked to prepare a corporate representative on such a vague topic covering hundreds of pages of documents.

6.    Defendant's request for attorney's fees incurred in bringing the motion for a protective order *after* the date for which the deposition was noticed is denied.

7.    The deposition of Paul Frayer shall go forward on February 23, 2018, as noticed (ECF. No. 177).  The deposition of Bruce Moss shall go forward on March 7, 2018, as stipulated on the record.  Other than the three depositions discussed in this order, there shall be no further discovery (in written or deposition form) in this case, unless agreed to by counsel.

8.    Plaintiffs' request for attorney's fees incurred because their counsel made the inefficient decision to send two attorneys to a two-day deposition that counsel had been told eleven days earlier could not go forward (because neither the witness nor defense counsel were available on the date noticed) is denied.  Although the ultimate decision remains for the presiding U.S. District Judge, Carlos Murguia, the undersigned strongly believes plaintiffs

should not be permitted to recover any fees or expenses for this wasted time even if they ultimately win this case.

       9.     The Fifth Amended Scheduling Order (ECF No. 169) is modified as follows:

       a.     The final pretrial conference is rescheduled from March 16, 2018, to **April 19, 2018, at 9:00 a.m.**, in the U.S. Courthouse, Room 223, 500 State Avenue, Kansas City, Kansas.  Unless otherwise notified, the undersigned will conduct the conference.  No later than **April 9, 2018**, defendant shall submit the parties' proposed pretrial order.

       b.     The deadline for potentially dispositive motions is **May 1, 2018.**

       c.     The case is re-set for trial on a trial calendar that will begin on **January 7, 2019, at 9:00 a.m.**

All other provisions of the original and amended scheduling orders shall remain in effect.

       IT IS SO ORDERED

       Dated February 20, 2018, at Kansas City, Kansas.


                              s/ James P. O'Hara
                             James P. O'Hara
                             U.S. Magistrate Judge