**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ANTHONY MANN, DANA MOYE, & KATINA MCGEE,

    Plaintiffs,

v.

XPO LOGISTICS FREIGHT, INC., f/k/a CON-WAY TRANSPORTATION SERVICES, INC., f/k/a CON-WAY FREIGHT INC.,

    Defendants.

Case No. 16-2196-CM

**MEMORANDUM AND ORDER**

Plaintiffs Anthony Mann, Dana Moye, and Katina McGee filed the present action against their former employer, defendant XPO Logistics Freight, Inc., for employment discrimination. The matter is now before the court on plaintiffs' Motion for Leave to File Exhibit #34 Out of Time (Doc. 221) and Motion for Sanctions (Doc. 223).

    *a. Motion for Leave*

Defendant filed its motion for summary judgment (Doc. 202) on June 8, 2018. Plaintiffs filed three requests for extensions of time to respond to the summary judgment motion. The first two requests were granted as unopposed; however, the court granted the third request over defendant's objection. All three of plaintiffs' extension requests were due to plaintiffs' need for more time to procure witness affidavits. The third request, granted on August 7, 2018, extended plaintiffs' deadline to respond until August 10, 2018. The court instructed plaintiff that it would not grant any further requests for extension of time.

On August 10, 2018, plaintiffs filed their response. Plaintiffs' counsel emailed chambers to report that a technical error prevented her from uploading the exhibits in support of the response. On

-1-

August 14, 2018, plaintiffs filed a motion for leave to file one exhibit under seal, which the court granted. Plaintiffs filed the sealed exhibit on the same day. On August 15, plaintiffs filed the remainder of their exhibits. Defendant claims that upon review of the exhibits, it was discovered that Exhibit 34 had not been filed or served. Defendant contacted plaintiffs; and, on the following day, plaintiffs responded that they intended to supplement the record with Exhibit 34.

On August 16, 2018, plaintiffs filed the present motion, claiming they were unable to provide Exhibit 34—Affidavit of Anthony Mann—because plaintiff Mann had been out of town on a shipping route during the days leading up to the August 10 deadline. Upon his arrival in Missouri on August 15, 2018, Mann returned his executed affidavit to counsel.

Plaintiffs argue that the court should grant their motion to file the exhibit out of time because they had a legitimate reason for the delay and because it would not substantially prejudice defendant, as the exhibit was provided only five days after the deadline.

Defendant, however, argues that plaintiff knew ahead of time that plaintiff Mann was out of town and would not be able to return the affidavit, and therefore, plaintiffs should have informed the parties— on or before the deadline—that one exhibit was outstanding. Further, defendant notes that plaintiffs were granted three extensions of time, amounting to more than two months, to prepare their response to defendant's motion for summary judgment. Their failure to obtain the needed affidavit does not, therefore, amount to excusable neglect to warrant a leave to file the exhibit out of time. Defendant infers that plaintiff simply chose to disregard the August 10 deadline, relying on an assumption the court would allow them to file the exhibit out of time.

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, a district court has the discretion, when good cause is shown, to extend the time "on a motion made after the time has expired if the party failed to act because of excusable neglect." In deciding whether a party has shown excusable neglect, a

court may consider "1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party." *Hamilton v. Water Whole Intern. Corp.*, 302 Fed. App'x. 789, 798 (10th Cir. 2008). "The reason for delay is an important, if not the most important, factor in this analysis." *Id*. (citing *U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)).

The court believes that, considering the amount of time that was granted to respond to the summary judgment motion, plaintiffs' counsel should have been more forthcoming regarding the affidavit issue. If plaintiffs' counsel knew ahead of time that there was going to be a delay in filing Exhibit 34, they should have made the court aware either on or before the deadline. Parties should not assume or rely on the court granting a post-deadline motion for leave.

The court, however, finds that defendant was not prejudiced by the delay, as they were granted an extension of time to file their reply, which gave them time to consider the late-submitted exhibit. And the exhibit was submitted six days after the deadline, which is not an unreasonable length of time. The court therefore grants plaintiffs' motion but with the forewarning that missed deadlines will not be tolerated as this case proceeds.

*b. Motion for Sanctions*

Plaintiffs also filed a motion for sanctions against defendant, claiming defendant failed to produce and/or disclose adversarial witness statements, unlawfully paid money to these adversarial witnesses for their testimony, and took the adversarial witnesses testimony under false pretenses. Plaintiffs argue that when also considering defendant's history of withholding evidence, this court should sanction defendant by striking the pleadings and entering default judgment on plaintiffs' behalf.

At issue are witness declarations taken by defendant's counsel. Plaintiffs claim that defendant issued subpoenas to two of defendant's employees who were identified by plaintiffs as potential witnesses. The subpoenas were served to these two witnesses with instructions to appear for a deposition and with checks for mileage. One of the witnesses, Aldis Tuck, received a check for $53.38. The other witness, Marlon Brown, received a check for $43.21.

Shortly after the subpoenas were issued, defendant's counsel, Jack Wallace, went to defendant's office to interview both witnesses and prepared declarations for the witnesses to sign. Wallace testified in a declaration submitted as part of this motion that his standard practice is to ensure that all witnesses are aware they are under no obligation to talk with him, and that all witnesses have the opportunity to review the prepared declaration to ensure its accuracy. He claimed that his standard practice is to issue a mileage check for each witness when they are subpoenaed, and that if the deposition does not go forward, he does not attempt to recover the check.

Plaintiffs, however, claim that the witnesses believed they were legally required to talk to Wallace and that they felt the content of the declarations was misleading. Further, both witnesses testified in affidavits that Wallace told them they were not required to show up to the deposition, and, when they tried to return the check, he told them to keep it. Plaintiffs argue that this was an improper act designed to compensate the witnesses for their testimony. Plaintiffs go so far to suggest this type of conduct is a violation of the Model Rules of Professional Conduct and evidence of bribery under 18 U.S.C. § 201(d). Plaintiffs also claim that defendant failed to disclose these declarations in response to several discovery requests and that the privilege log provided by defendant was "wholly insufficient." In response, defendant argues that the declarations were not responsive to plaintiffs' discovery requests and were privileged work product. Wallace provided a privilege log to plaintiffs "out of an abundance of caution."

Under Rule 37(c) of the Federal Rules of Civil Procedure, a court may sanction a party for not obeying a discovery order or failing to disclose or supplement an earlier response. Examples of possible sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Here, plaintiffs ask the court to sanction defendant for its alleged improper conduct and failure to disclose by striking defendant's pleadings and entering default judgment in favor of plaintiffs.

"A default judgment is a harsh sanction that will be imposed only when the failure to comply with discovery demands is the result of 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply." *F.D.I.C. v. Daily*, 973 F.2d 1525, 1530 (10th Cir. 1992); *see also*, *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) (noting that due process requires that before entering default judgment, the party must show the failure to comply is willful). A "willful failure" is an "intentional failure rather than involuntary noncompliance." *Id.*

The court has reviewed the parties' positions and has concluded that any failure by defendant to comply with discovery requests does not rise to the level that would justify imposing the harshest sanction provided by the Rules of Civil Procedure. Defendant's counsel claims that he did not disclose certain witness declarations because of his belief that they were (1) work product, and (2) non-responsive to the discovery requests. The court does not need to analyze each alleged discovery request that plaintiffs claim as the basis for their sanctions to conclude that any failure to disclose by defendant was

not the result of willfulness, bad faith, or some other fault. Plaintiffs have not provided any affirmative evidence—beyond circumstantial speculation—that defendant acted intentionally and with bad faith in its failure to disclose the witness disclosures.

Further, the court is unpersuaded by plaintiffs' allegations that defendant paid the witnesses for their testimony. Wallace testified that issuing mileage checks with a subpoena is standard practice, and it is not his standard practice to collect the checks should the depositions be cancelled. There is no evidence that these mileage checks were an attempt to compensate the witnesses, and it certainly is not evidence of bribery. The court would caution plaintiffs' counsel against making unfounded accusations of criminal conduct against defense counsel.

The court finds plaintiffs have not made a showing that would justify default judgment. Further, plaintiffs have not shown that striking defendant's motion for summary judgment would be a reasonable sanction. Plaintiffs have not shown that they were prejudiced in their ability to defend against the summary judgment motion due to the alleged failure to disclose.

The court also declines to award defendant any attorney's fees incurred in defending against the motion for sanctions. Defendant admits this request is intended to punish plaintiffs for their second attempt at falsely accusing defendant's counsel of a felony. The court has warned plaintiffs to exercise caution when making such serious allegations, but will not sanction them at this time.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Leave to File Exhibit #34 Out of Time (Doc. 221) is granted.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Sanctions (Doc. 223) is denied.

Dated March 20, 2019, at Kansas City, Kansas.

                                           s/ Carlos Murguia
                                           **CARLOS MURGUIA**

**United States District Judge**